15585-253086(ASW)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

RAILROADER TRUCKING, LLC,

Plaintiff,

NO. _____

v.

JURY DEMANDED

PATRICK FISHER, ROBERT MICHAEL KEMP,
EMILY KEMP, CHRISTI FRANKS, SAVANNAH
KING,

Defendants.

---

## PLAINTIFF'S VERIFIED COMPLAINT

---

Plaintiff Railroader Trucking, LLC, ("Plaintiff" or "Railroader") moves this Court, for its complaint for damages and injunctive relief against Patrick Fisher, Robert Michael Kemp, Emily Kemp, Christi Franks, Savannah King, and Suzanne Montgomery a/k/a Suzanne Burden (together, "Defendants"), states as follows:

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

1.      Plaintiff is a limited liability company formed in Tennessee and with a principal place of business in South Fulton, Tennessee. Plaintiff provides trucking and shipping services for third parties.

2.      Defendant Patrick Fisher is an individual citizen of Kentucky, residing at 67 Casey Lane, Benton, Kentucky, and may be served with legal process in this matter at that address.

3.      Defendant Robert Michael Kemp is an individual citizen of Kentucky, residing at 1570 Bellemeade Drive, Mayfield, Kentucky, and may be served with legal process in this matter at that address.

4.    Defendant Emily Kemp is an individual citizen of Kentucky, residing at 1570 Bellemeade Drive, Mayfield, Kentucky, and may be served with legal process in this matter at that address.

5.    Defendant Christi Franks is an individual citizen of Alabama, residing at 36751 Highway 724, Russellville, Alabama, and may be served with legal process in this matter at that address.

6.    Defendant Savannah King is an individual citizen of Alabama, residing at 27 County Road 463, Town Creek, Alabama, and may be served with legal process in this matter at that address.

7.    Jurisdiction in this United States District Court is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff, situated in Tennessee, and all Defendants, situated in Kentucky and Alabama, and the amount in controversy exceeds $75,000.00.

8.    Venue is appropriate in this United States District Court under 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

9.    This Complaint is necessitated by the wrongful and unlawful conduct of each of the Defendants, working individually and in concert, to defraud Plaintiff and to misappropriate, take control of, and use for their own purposes certain funds, money, and personal property owned by Plaintiff, in exclusion or defiance of Plaintiff's rights over its own property.

10.    Plaintiff has made no previous application for the relief sought herein.

## FACTS

11.    On or about 2020 through some time in 2025, Defendants were each and every one an employee of Plaintiff, Railroader Trucking, LLC.

12.    In 2014 Plaintiff hired Defendant Patrick Fisher as General Manager of Railroader Trucking, LLC, Plaintiff's subsidiary, and Plaintiff entrusted Fisher with full operational responsibility for performing all duties necessary to operate Railroader Trucking, LLC.

13.    Defendant Patrick Fisher was also solely responsible for managing Railroader Trucking, LLC's brokerage operations.  In this role, Defendant Patrick Fisher was given exclusive authority to negotiate freight rates and contractual terms with third-party carriers on behalf of Railroader Trucking, LLC.

14.    From its inception in 2014 through 2023, Railroader Trucking, LLC, was responsible for hauling or brokering material loads to provide trucking services for other businesses, including Premier Portable Buildings and Trailers by Premier.

15.    In 2022, while still employed by Plaintiff as General Manager of Railroader Trucking, LLC, and while owing fiduciary duties of loyalty, honesty, and full disclosure to Plaintiff, Defendant Patrick Fisher formed a separate limited liability company known as RRR Logistics, LLC.  Defendant Patrick Fisher did not disclose the existence of RRR Logistics to the owners or members of Plaintiff, nor did he seek or obtain their knowledge or consent as to his operation of RRR Logistics, LLC.

16.    The other named Defendants herein were all employees of Plaintiff and, therefore, owed fiduciary duties of loyalty, honesty, and full disclosure to Plaintiff.

17.    The other named Defendants were additionally engaged by Defendant Patrick Fisher to work simultaneously for RRR Logistics, LLC.  The other named Defendants received compensation from RRR Logistics, LLC, for their work done on transactions between RRR Logistics, LLC, and Plaintiff, well in excess of the market rate for their job duties with RRR Logistics, LLC.

18.    Beginning in early 2023, Defendant Patrick Fisher and the other named Defendants engaged in a pattern of double-brokering freight loads to defraud Plaintiff. Defendant Patrick Fisher caused Plaintiff, on March 9, 2023, to issue its first payment to RRR Logistics, LLC.  All the named Defendants, while serving as employees of Plaintiff, negotiated freight transactions on behalf of Plaintiff with RRR Logistics, LLC.  While negotiating freight transactions on behalf of Plaintiff with RRR Logistics, LLC, the Defendants concealed their ownership, employment, or other financial interest in RRR Logistics, LLC.

19.    As a result of their actions, the named Defendants stood on both sides of the freight transactions with Plaintiff.  The named Defendants were engaged by Plaintiff to act on behalf of Plaintiff, yet simultaneously negotiated against Plaintiff's interests while acting on behalf of and receiving compensation from RRR Logistics, LLC.  Defendant's actions constituted self-dealing, breaches of fiduciary duty, and undisclosed conflicts of interest.

20.    The Defendants' improper actions and misconduct deprived Plaintiff of the ability to make informed business decisions in Plaintiff's interests, to make arm's-length evaluations of the business offers submitted to and accepted by Plaintiff or otherwise to protect its financial and operational interests.

21.    Defendants' scheme to double-broker freight loads for Plaintiffs' businesses through RRR Logistics, LLC, continued through October 2025, during which Defendants improperly embezzled and converted Plaintiff's funds for Defendants' own use. Over this period of time, Defendants defrauded and embezzled funds from Plaintiff totaling approximately $5,700,000.

22.    Plaintiff discovered the first evidence of fraud and embezzlement activities by Defendants occurred on or about February 15, 2023. Plaintiff discovered the latest activities of embezzlement by Defendants occurred on or about October 28, 2025. Defendants performed multiple separate activities of embezzlement, conversion, and taking of Plaintiff's property and funds between those two dates.

23.    Defendants, since improperly and fraudulently taking custody and control of the funds belonging to Plaintiff, have used those funds to make other improper purchases for their own personal uses.

## FIRST CAUSE OF ACTION
### (Breach of Duty of Loyalty)

24.    Plaintiff herein repeats and realleges the allegations set forth in the foregoing paragraphs as fully set forth herein.

25.    At all relevant times herein, all Defendants owed a duty of loyalty to Plaintiff to act solely for the benefit of Plaintiff in matters within the scope of their employment, and to not engage in conduct adverse to Plaintiff's interests.

26.    At all relevant times herein, Defendant Patrick Fisher, employed as General Manager for Plaintiff, had managerial responsibilities to Plaintiff, including overseeing operations, managing personnel employed, engaged, or contracted by Plaintiff, ensuring governmental compliance, purchasing and managing Plaintiff's business

assets, negotiating costs for Plaintiff's business, and calculating prices for Plaintiffs billing and accounting.

27.    At all relevant times, all Defendants, as employees of Plaintiff or one of Plaintiff's subsidiaries, owed fiduciary duties to Plaintiff to exercise the utmost good faith and loyalty in performing their work for Plaintiff, not to take advantage of their positions with Plaintiff, and not to act in any way contrary to Plaintiff's interests for their own personal gain or for the gain of third parties to the detriment of Plaintiff.

28.    Defendants breached these duties by creating, controlling, and using RRR Logistics, LLC, in order to negotiate against Plaintiff without disclosing their own interests in RRR Logistics, LLC, all while still employed by and owing fiduciary duties to Plaintiff. Defendants negotiated financial transactions and directed business deals for Plaintiff, using RRR Logistics, LLC, in a manner that was designed to financially benefit Defendants and financially harm Plaintiff, thereby diverting funds belonging to and owned by Plaintiff to Defendants' own accounts for their own use and benefit.

29.    From at least as early as February 2023, and potentially earlier, through a date as late as October 28, 2025, Defendants diverted funds owned by Plaintiff and acted as unfaithful and disloyal employees.

30.    As a direct result of Defendants' breaches of these duties and disloyalty to Plaintiff, Plaintiff has suffered, and absent injunctive relief, will continue to suffer harm and significant damages.

31.    Plaintiff did not know, nor have reason to know, of Defendants' concerted breaches of duty, dishonesty, and disloyalty to Plaintiff by embezzlement, conversion, and wrongful appropriation and use of Plaintiff's funds until February 2023.

32. In addition, because harm caused by Defendant's misconduct cannot be fully remedied through an award of monetary damages alone, Plaintiff is entitled to preliminary and permanent injunctive relief, including a mandatory injunction requiring the immediate withholding and freeze and seizure of each Defendant's assets until the return and complete repayment of all of Plaintiff's funds wrongfully converted by Defendants.

33. Plaintiff is likely to succeed on the merits of its claim.

34. The balance of equities and hardships are in Plaintiff's favor, to the extent Defendants continue to have access to the improperly converted funds and assets obtained with those funds and are able to transfer, move, or divest themselves of those assets to good faith purchasers or recipients of whom Plaintiff is not, and would not be, aware.

## SECOND CAUSE OF ACTION
### (Aiding and Abetting Breach of Duty of Loyalty)

35. Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

36. At all relevant times, Defendants knew of the fiduciary duty of loyalty owed by each of them to their common employer, Plaintiff.

37. Each of the Defendants knew the actions of creating, controlling, and using RRR Logistics, LLC, as a separate entity to negotiate unfairly against Plaintiff by controlling both sides of the negotiations was a breach of the fiduciary duty of loyalty owed by each Defendant to Plaintiff.

38. Each of the Defendants induced the conduct from one another to negotiate and do business with Plaintiff using RRR Logistics, Inc., in contradiction to the fiduciary duty

of loyalty owed to Plaintiff, and each of the Defendants gave substantial assistance or encouragement to one another to accomplish an unlawful taking of Plaintiff's funds and property in the improper negotiations using RRR Logistics, Inc.

39. Each Defendant knowingly participated in the collective Defendants' breaches and substantially assisted in those breaches by, among other things, conspiring with one another to divert funds from Plaintiff's accounts to their own accounts for their own use.

40. Such breaches of duty of loyalty owed by Defendants, as employees and agents of Plaintiff, occurred over a time period spanning as early as February 2023 (if not earlier) through at least October 28, 2025.

41. Plaintiff did not know, nor have reason to know, of Defendants' aiding and abetting one another's breaches of a duty of loyalty regarding preservation of Plaintiff's funds until after February 2023.

42. As a direct result of each Defendant's aiding and abetting of one another's breach of duty of loyalty, Plaintiff has incurred damages in an approximate amount of $5,700,000.

43. In addition, because harm caused by each Defendant's misconduct cannot be fully remedied through an award of monetary damages alone, Plaintiff is entitled to preliminary and permanent injunctive relief, including a mandatory injunction requiring the immediate withholding and freeze and seizure of each Defendant's assets until the return and complete repayment of all of Plaintiff's funds wrongfully converted by Defendants.

44. Plaintiff is likely to succeed on the merits of its claims.

45.    The balance of equities and hardships are in Plaintiff's favor, to the extent Defendants continue to have access to the improperly converted funds and assets obtained with those funds and are able to transfer, move, or divest themselves of those assets to good faith purchasers or recipients of whom Plaintiff is not, and would not be, aware.

## THIRD CAUSE OF ACTION
### (Conversion)

46.    Plaintiff realleges and incorporates by reference all previous allegations of this Complaint as if set forth fully herein.

47.    Each of the Defendants, individually and in concert, appropriated and took tangible personal property, in the form of monetary funds, owned by Plaintiff and shifted such funds to their own separate accounts for their own use in exclusion and defiance of Plaintiff's rights. Each of the Defendants, individually and in concert, accomplished these actions by creating, controlling, and using RRR Logistics, LLC, to negotiate transactions both against Plaintiff and for Plaintiff, as Defendants managed negotiations and business dealings for both Plaintiff and RRR Logistics, LLC, with the express purpose and the actual result to improperly transfer funds from Plaintiff's control to Defendants' accounts for Defendants' use.

48.    Each of the Defendants intentionally exercised control over the property converted from Plaintiff's use to the Defendants' own individual and collective uses.

49.    Each of the Defendants defied and abused the Plaintiff's rights, as true owner of the funds and personal property at issue, by creating, controlling, and using a separate business entity to engage in improper business transactions to purposefully cause financial harm to Plaintiff.

50.   By virtue of the foregoing, each of the Defendants, individually and collectively, committed the intentional tort of conversion against Plaintiff and Plaintiff's property.

51.   Such actions of conversion of Plaintiff's property done by Defendants occurred as early as February 2023, if not earlier, and repeatedly occurred thereafter through October 28, 2025.

52.   Plaintiff did not know, nor have reason to know, of Defendants' improper conversion of Plaintiff's funds until after February 2023.

53.   Plaintiff has since confronted Defendants about the improper taking and conversion of Plaintiff's funds and property, and Defendants have admitted to such improper taking and conversion of funds and property.

54.   Defendants have not returned to Plaintiff all the improperly taken and converted funds and property.

55.   The Defendants' wrongful conversion of Plaintiff's property has caused, and will continue to cause, Plaintiff to suffer substantial monetary damages, in an approximate amount of $5,700,000.

56.   In addition, because harm caused by the Defendants' misconduct cannot be fully remedied through an award of monetary damages alone, Plaintiff is entitled to preliminary and permanent injunctive relief, as further outlined below.

57.   Plaintiff is likely to succeed on the merits of its claims.

58.   The balance of equities and hardships are in Plaintiff's favor, to the extent Defendants continue to have access to the improperly converted funds and assets obtained with those funds and are able to transfer, move, or divest themselves of those

assets to good faith purchasers or recipients of whom Plaintiff is not, and would not be, aware.

## FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

59.     Plaintiff repeats and realleges the allegations in preceding paragraphs as if set forth fully herein.

60.     Defendants acted together in a common design to accomplish the defrauding of Plaintiff and the conversion of Plaintiff's property as its unlawful purpose, and such conversion by fraudulent and unlawful means was a wrongful taking of Plaintiff's property.

61.     Defendants individually and collectively took overt and concerted actions to further the conspiracy by creating, controlling, and using RRR Logistics, LLC, to negotiate business transactions with Plaintiff by Defendants' effectively controlling both sides of the transactions, for the express purpose of improperly taking Plaintiff's property and funds for Defendants' own use and benefit.  Defendants' common design and concerted actions in negotiating for and against Plaintiff caused Plaintiff to lose property and funds that would otherwise have not been lost or put outside Plaintiff's control.

62.     Such actions done by Defendants, in negotiating business transactions between RRR Logistics, LLC, and Plaintiff by controlling both parties to the transaction, furthered the conspiracy of wrongful taking and wrongful use of Plaintiff's property.  Such actions and wrongful taking and use occurred as early as February 2023, if not earlier, and repeatedly occurred thereafter through October 28, 2025.

63.    Plaintiff did not know, nor have reason to know, of Defendants' actions to further conspire to wrongfully take and use Plaintiff's property until after February 2023.

64.    By virtue of the foregoing, Defendants individually and collectively have caused, and will continue to cause, Plaintiff to suffer substantial monetary damages, in an approximate amount of $5,700,000, as well as injury that cannot be calculated, and irreparable harm to its business.

65.    In addition, because harm caused by Defendants' misconduct cannot be fully remedied through an award of monetary damages alone, Plaintiff is entitled to preliminary and permanent injunctive relief, as further outlined below.

66.    Plaintiff is likely to succeed on the merits of its claims.

67.    The balance of equities and hardships are in Plaintiff's favor, to the extent Defendants continue to have access to the improperly converted funds and assets obtained with those funds and are able to transfer, move, or divest themselves of those assets to good faith purchasers or recipients of whom Plaintiff is not, and would not be, aware.

## FIFTH CAUSE OF ACTION
### (Fraud)

68.    Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

69.    Plaintiff employed Defendants and relied upon each of them to perform their work activities on behalf of Plaintiff in a good faith manner for the company's benefit.

70.    Defendants, individually and in concert, falsely and intentionally misrepresented the negotiations of Plaintiff's business, allowed Plaintiff to reasonably rely upon such misrepresentation of those negotiations and the true parties involved therein, and

15585-253086(ASW)

thereby caused injury to Plaintiff by Defendants' negotiations improperly transferring funds and property owned by Plaintiff to Defendants, via a third party created and controlled by Defendants, for Defendants' own personal benefit, all for the express and intended financial detriment of Plaintiff and express and intended financial benefit of Defendant.

71.     Defendants, individually and collectively, created and/or used RRR Logistics, LLC, to engage Plaintiff in business transactions that were knowingly unfavorable to Plaintiff  and favorable to Defendants, by controlling the negotiations on behalf of Plaintiff as well as on behalf of RRR Logistics, LLC.  Defendants, individually and collectively, did not disclose and instead intentionally misrepresented to Plaintiff the Defendants' own business interests and ties to RRR Logistics, LLC, and the nature and background of the parties with whom Plaintiffs conducted business. Defendants' actions, individually and collectively caused Plaintiff to reasonably rely upon Defendants' conduct as to how Defendants were managing Plaintiff's business. Defendants entered into business transactions using RRR Logistics, LLC, to deceive Plaintiff on its business and to improperly convert funds from Plaintiff to Defendants. Defendants' actions, individually and collectively, in misrepresenting the nature of the entity with whom Plaintiff was doing business, caused financial detriment to Plaintiff.

72.     Defendants allowed Plaintiff to rely upon their work activities for Plaintiff with a false sense of security as to Plaintiff's property and funds to which Defendants were charged with maintaining and managing.

73.     Such actions of false representation and false deception by Defendants regarding the improper taking of Plaintiff's property done by Defendants occurred as

early as February 2023, if not earlier, and repeatedly occurred thereafter through October 28, 2025.

74. Plaintiff did not know, nor have reason to know, of Defendants' concerted dishonest and wrongful appropriation of Plaintiff's funds until after February 2023.

75. As the direct and proximate result of Defendants' conduct, as alleged above, Plaintiff has suffered and, if such conduct is not stopped, Plaintiff will continue to suffer, irreparable injury.

76. Because Plaintiff's remedy at law is inadequate, Plaintiff seeks, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect its trade secret information. Plaintiff will continue suffering harm absent injunctive relief.

77. Plaintiff is likely to succeed on the merits of its claims.

78. The balance of equities and hardships are in Plaintiff's favor, to the extent Defendants continue to have access to the improperly converted funds and assets obtained with those funds and are able to transfer, move, or divest themselves of those assets to good faith purchasers or recipients of whom Plaintiff is not, and would not be, aware.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

79. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

80. Defendants negotiated business transactions on behalf of Plaintiff, improperly using RRR Logistics, LLC, which conferred financial benefits to Defendants through RRR Logistics, LLC.

81.    Defendants received compensation from RRR Logistics, LLC, derived from the business transactions Defendants established and managed between RRR Logistics, LLC, and Plainitff.

82.    Defendants received such compensation from RRR Logistics, LLC, unjustly, because Defendants created, controlled, and used RRR Logistics, LLC, in order to manipulate the manner in which Plaintiff conducted business and made payments.

83.    Defendants misrepresented and hid their interests in RRR Logistics, LLC, from Plaintiff, and failed to act in a proper fiduciary to Plaintiff, as their employer, in order to improperly transfer Plaintiff's funds and property to Defendants for their own use.

84.    The circumstances in which Defendants acted toward Plaintiff make it inequitable for them to retain the benefit of the funds they improperly gained from Plaintiff.

85.    Defendants have not returned all funds and property which they improperly gained from Plaintiff, and should not be entitled to unjust enrichment from Plaintiff for the unreturned, improperly gained funds.

## SEVENTH CAUSE OF ACTION
### (Constructive Trust)

86.    Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

87.    Defendants have obtained possession of property and funds owned by Plaintiff by fraud and inequitable means, as detailed in the allegations stated hereinabove.

88.    Defendants have made use of their relationship as Plaintiff's employees in charge of transacting and managing Plaintiff's business, as well as their relationship with RRR Logistics, LLC, which was undisclosed to Plaintiff, in order to obtain business

transactions with and funds from Plaintiff upon improper and more advantageous terms than otherwise would have been obtained.

89.    Because of Defendant's fraudulent and misleading actions in misrepresenting the parties to business transactions and in improperly acting for and against Plaintiff in business transactions using RRR Logistics, LLC, this Court should impose a constructive trust upon the funds and property improperly, fraudulently, and illegally gained by Defendants from Plaintiff, for the protection of those funds and of Plaintiff's interest in them.

**PRAYER FOR RELIEF**

Based on the foregoing allegations, Plaintiff respectfully requests the following relief:

a)    Judgment in favor of Plaintiff on all causes of action and for all common law and statutory damages alleged herein;

b)    A monetary award to Plaintiff against all Defendants, jointly and severally, in the total amount proven to have been taken by Defendants, not less than $5,700,000.00;

c)    Immediate, preliminary, and permanent injunctive relief enjoining each and every Defendant from continuing any unlawful conversion, misappropriation, or control over Plaintiff's funds and personal property as described above, in order to at least maintain the current status quo, as follows:

(i) An order seizing all assets, real or personal property, and any monetary funds under each Defendant's custody and control, subject to reasonable allowances for general living expenses;

(ii) An order restraining and enjoining Defendants from taking any action to sell, gift, exchange, transfer or otherwise move control of real or personal property or funds presently in any Defendants' possession or control which were, are, or may be or have been obtained with or otherwise traceable back to any personal property or money wrongfully taken by Defendants from Plaintiff.

d)     Establishment of a constructive trust of the funds and property identified in paragraph (c) of the Prayer for Relief herein, for protection of the funds taken by Defendants from Plaintiff, subject to further determination and distribution by this Court to the lawful owner of such funds and property.

e)     Judgment in favor of Plaintiff awarding Plaintiff all statutory costs and all available discretionary costs and expenses; and

f)     Judgment awarding Plaintiff any other, further, or different relief as this Court may deem proper.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:     /s/ James V. Thompson
_____
ALLISON S. WHITLEDGE, BPR #24185
JAMES V. THOMPSON, BPR #23061
HEATHER M. JOHNSON, BPR #35140
*Attorneys for Plaintiff*
209 East Main Street
P. O. Box 1147
Jackson, TN  38302-1147
(731) 423-2414
awhitledge@raineykizer.com
jthompson@raineykizer.com
hjohnson@raineykizer.com

## VERIFICATION

Sam Hancock, on behalf of Railroader Trucking, LLC, hereby swears or affirms the following under penalty of perjury:

1.      I am over the age of 18 years old and am competent to testify to the matters set forth herein.

2.      I am employed by Railroader Trucking, LLC, or otherwise duly elected or appointed as an officer of the company, and I hold the position of Partner for that company.

3.      I have read the foregoing Complaint and note the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and, as to those matters, I believe them to be true.

4.      I verify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct.

RAILROADER TRUCKING, LLC,

By: _____
Sam Hancock

STATE OF TENNESSEE
COUNTY OF _____

Personally appeared before me Sam Hancock, with whom I am personally acquainted, and who acknowledged that, being authorized so to do by Railroader Trucking, LLC, he executed the within instrument for the purposes therein contained.

Witness my hand, at office, this the 30th day of January, 2026.

_____
Notary Public

My commission expires: 5/19/29 .

JESSICA MULCAHY
STATE OF TENNESSEE
NOTARY PUBLIC
COUNTY OF OBION

18