IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **RAILROADER TRUCKING, LLC** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:26-cv-01017-STA-jay |
| ) | |
| **PATRICK FISHER,** ) | |
| **ROBERT MICHAEL KEMP,** ) | |
| **EMILY KEMP, CHRISTI FRANKS, and** ) | |
| **SAVANNAH KING,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER ON CORPORATE DISCLOSURE STATEMENT AND JURISDICTIONAL INFORMATION
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE**

Before the Court is Plaintiff Railroader Trucking, LLC's Motion for Temporary Restraining Order (ECF No. 8) filed at 11:29 a.m. on February 6, 2026. Plaintiff seeks a TRO and preliminary injunction against Defendants Patrick Fisher, Rober Michael Kemp, Emily Kemp, Christi Franks, and Savannah King. Plaintiff filed its Verified Complaint (ECF No. 1) on February 3, 2026. Plaintiff alleges that each Defendant is a former employee of the company and is liable to Plaintiff for breach of the duty of loyalty, aiding and abetting the breach of the duty of loyalty, conversion, civil conspiracy, fraud, unjust enrichment, and constructive trust. Plaintiff seeks damages in the amount of $5.7 million. Plaintiff has caused summons to issue.

In its TRO Motion, Plaintiff requests the entry of an order "restraining and enjoining Defendants from taking any action to sell, exchange, transfer, gift, invest, or otherwise move

1

control of real or personal property or to transfer funds presently in their possession or control which were, are, or may be or have been obtained with or otherwise traced back or attributable to personal property and money obtained by Defendants from Plaintiff, in excess of any salary or wages lawfully earned by Defendants in their respective positions as employees of Plaintiff and paid directly by Plaintiff to each Defendant as direct wages or salary." Mot. for TRO 1, Feb. 6, 2026. Plaintiff argues that injunctive relief is necessary to prevent Defendants from "taking any action to sell, exchange, transfer, gift, invest, or otherwise move control of real or personal property or to transfer funds presently in their possession or control which were, are, or may be or have been obtained with or otherwise traced back or attributable to personal property and money obtained by Defendants from Plaintiff, in excess of any salary or wages lawfully earned by Defendants in their respective positions as employees of Plaintiff and paid directly by Plaintiff to each Defendant as direct wages or salary." *Id*. at 3.  Plaintiff has briefed each of the factors for a preliminary injunction under Federal Rule of Civil Procedure 65 and argued that they weigh in favor of its request for an injunction.

      Accompanying Plaintiff's TRO Motion is a certificate from counsel for Plaintiff (ECF No. 9).  Counsel for Plaintiff certifies to the Court that Defendants are aware that Plaintiff has asserted claims against them.  Plaintiff is still in the process of serving Defendants with a copy of the Verified Complaint and summons as well as the TRO Motion.  However, counsel certifies that Plaintiff has not given Defendants further notice other than the pleadings "[d]ue to the concern that Defendants have already transferred or moved some of the funds at issue and will attempt now to move, transfer, sell, or exchange the rest of the funds at issue with good faith purchasers so as to place them out of the reach of Plaintiff." Certif. of Counsel 1, Feb. 6, 2026. The certificate concludes with a request that the Court set the matter for a hearing.

Lastly, Plaintiff has submitted a proposed order to the chambers of the undersigned consistent with Local Rule 7.2. The proposed order directs Defendants to respond to the TRO Motion within one week of the entry of the order and adds that the Court will promptly set the matter for hearing.

## JURISDICTION

The Sixth Circuit has held that "federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte*." *New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009) (citation omitted). Plaintiff has invoked the Court's subject-matter jurisdiction in this case pursuant to 28 U.S.C. § 1332 based on the amount in controversy and the parties' complete diversity of citizenship. The Verified Complaint alleges that Plaintiff is a limited liability company formed in Tennessee with its principal place of business in South Fulton, Tennessee. The Sixth Circuit has concluded that these kinds of jurisdictional allegations regarding the citizenship of an LLC are "deficient." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1004–1005 (6th Cir. 2009) (holding that a notice of removal alleging diversity jurisdiction under § 1332 based on the fact that the LLC defendant was an LLC "organized under the laws of Illinois, with its principal place of business in Illinois" was "deficient" without information about the citizenship of each member of the LLC).

Furthermore, Plaintiff did not file a corporate disclosure statement with its opening pleading. Fed. R. Civ. P. 7.1(b)(1) (requiring a party in a case where the federal court exercises diversity jurisdiction to disclose the name and citizenship of "every entity whose citizenship is attributed to that party" with its initial pleading). As the Court of Appeals recently noted, Rule 7.1's corporate disclosure requirement exists to "facilitate an early and accurate determination of

jurisdiction," which in turn "protect[s] against the waste that may occur upon belated discovery of a diversity-destroying citizenship." *US Framing Int'l LLC v. Continental Building Co.*, 134 F.4th 423, 428 (6th Cir. 2025) (quoting Fed. R. Civ. P. 7.1, advisory committee's note to 2022 amendment). As the party asserting diversity jurisdiction, Plaintiff bears the burden of establishing each party's citizenship. *Id*.

"A federal court may not exercise diversity jurisdiction unless the parties are completely diverse." *Id.* (citing *Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022)). And where a party in a diversity case is a limited liability company, "the court needs to know the citizenship of each member of the company." *Id*. (citing *Delay*, 585 F.3d at 1005). Otherwise, the Court cannot verify its subject-matter jurisdiction. *Id.* ("Just one non-diverse member or sub-member can destroy diversity jurisdiction."). Because district courts have "an independent obligation to determine whether subject-matter jurisdiction exists, they must hold litigants to this requirement" to establish the citizenship of each party. *Pourtaghi*, 43 F.4th at 627.

The Court finds good cause to satisfy itself that it has subject-matter jurisdiction over this action before it can grant Plaintiff injunctive relief. According to Plaintiff's TRO Motion, Plaintiff is a wholly owned subsidiary of Hawkeye Buildings, LLC. The Motion does not indicate whether Hawkeye Buildings, LLC is Plaintiff's only member or identify the members of Hawkeye Buildings, LLC and their citizenship. To aid the Court in its jurisdictional determination, Plaintiff is directed to file its Rule 7.1 corporate disclosure statement along with any information necessary for the Court to determine the members of Railroader Trucking, LLC, and Hawkeye Buildings, LLC. Plaintiff's corporate disclosure and jurisdictional information are due within 7 days of the entry of this order.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and restraining orders and permits the Court to grant two types of injunctive relief: a preliminary injunction and a temporary restraining order (TRO). "The only type of injunctive relief that a district court may issue *ex parte* [without notice] is a temporary restraining order." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Federal Rule of Civil Procedure 65(b) provides that "the court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if" the moving party satisfies two requirements. Fed. R. Civ. P. 65(b)(1). First, the moving party must present "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the moving party's attorney must certify "in writing any efforts made to give notice and the reasons why notice should not be required." Fed. R. Civ. P. 65(b)(1)(B). "Rule 65(b) restrictions on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Depinet*, 11 F.3d at 650 (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 439 (1974)).

## ANALYSIS

The Court will make a final determination of Plaintiff's request for injunctive relief after the Court has satisfied itself that there is complete diversity of citizenship among the parties. Based on the record currently before the Court, however, Plaintiff's TRO Motion does not meet the requirements for an *ex parte* order. Plaintiff has not shown the specific facts supporting a temporary restraining order. Plaintiff's request is overbroad in that it asks the Court to enjoin

5

Defendants "from taking any action to sell, exchange, transfer, gift, invest, or otherwise move control of real or personal property or to transfer funds presently in their possession or control which were, are, or may be or have been obtained with or otherwise traced back or attributable to personal property and money obtained by Defendants from Plaintiff, in excess of any salary or wages lawfully earned by Defendants in their respective positions as employees of Plaintiff and paid directly by Plaintiff to each Defendant as direct wages or salary." Mot. for TRO 1. Plaintiff's request lacks any specificity, for example, to enjoin a particular transaction or transfer of property. As such, the Motion does not comply with Rule 65(b)'s requirement that the moving party articulate "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

As for the second requirement to proceed without notice, Plaintiffs have not satisfied Rule 65(b)(1)(B) because they have not certified "in writing any efforts made to give notice and the reasons why notice should not be required." Counsel for Plaintiff's certificate does not actually give any reasons why the Court should grant a temporary restraining order before the Court gives Defendants the opportunity to be heard. In fact, Plaintiff's proposed order does not actually grant Plaintiff the TRO. It only requires Defendants to respond to the Motion within one week. Rule 65(b)(1) permits courts to issue TROs "without written or oral notice to the adverse party or its attorney *only if*" the movant satisfies Rule 65(b)(1)'s two requirements. Without a more specific presentation of the grounds supporting its request, Plaintiff has not satisfied the procedural requirements for a temporary restraining order.

## **CONCLUSION**

Plaintiff is directed to submit a Rule 7.1 corporate disclosure statement as well as any

other relevant information with bearing on the citizenship of Plaintiff's members. Plaintiff's disclosure statement and the jurisdictional information is due within 7 days of the entry of this order. Without addressing the merits of Plaintiff's TRO Motion, the Court finds that Plaintiff has not met the procedural requirements for *ex parte* injunctive relief, at least on the record currently before the Court. Therefore, the TRO Motion is **DENIED** without prejudice to refile the request.

    **IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date: February 6, 2026